[No. 9963-2-II.   Division Two.   July 20, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. WALTER V. BAILEY, *Appellant.*

*Paul R. Bruce,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Mark E. Beam, Deputy,* for respondent.

PETRICH, J.—Walter Bailey appeals his conviction based on a jury verdict, for indecent liberties, contending that the trial court improperly instructed the jury that indecent liberties was a lesser included offense of statutory rape in the first degree. He also argues that the trial court improperly admitted the victim's hearsay statements; that the victim was incompetent to testify; and that the State failed to prove all elements of the crime. Finding no error, we affirm the trial court's judgment.

Bailey resided with the victim's family for approximately a month embracing most of December of 1985. In the latter part of that month, Bailey was babysitting the victim, 3–year–old Jane.[1] Upon returning to the family dwelling, the victim's mother was met by Jane. Jane stated that Bailey

---

[1] A pseudonym has been assigned to maintain the anonymity of the victim and her family.

had licked her breasts and genital area. After further questioning by her mother, Jane repeated the allegation. Jane's mother then contacted the Vancouver police.

Steve Norton, a police social worker, interviewed Jane. During the interview Jane indicated on an anatomically correct drawing that Bailey had touched her genital area and breasts. Bailey was charged with statutory rape in the first degree.

The trial judge conducted a pretrial hearing to determine Jane's competency to testify and to determine whether her hearsay statements bore the requisite indicia of reliability. The trial judge determined that Jane was competent to testify at trial and ruled that Jane's statements were made under sufficiently reliable circumstances so as to render admissible the child's out–of–court statements.

## LESSER INCLUDED OFFENSE

Bailey's first assignment of error is to the trial court's instruction to the jury that the crime of indecent liberties was a lesser included offense of statutory rape in the first degree.[2] In order to constitute a lesser included offense, each element of the lesser offense must be a necessary element of the offense charged. *State v. Parker*, 102 Wn.2d 161, 164, 683 P.2d 189 (1984). Bailey contends that in order to prove the crime of indecent liberties,[3] the State had to

---

[2]Instruction 8 states:

"If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the evidence is sufficient to establish the defendant's guilt of such lesser crime beyond a reasonable doubt.

"The crime of statutory rape in the First Degree necessarily includes the lesser crimes of Indecent liberties.

"When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime."

[3]Former RCW 9A.44.100 provides in part:

"Indecent liberties. (1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

prove an element that is not a necessary element of first degree statutory rape,[4] *i.e.,* that the perpetrator was not married to the victim. Therefore, he submits that indecent liberties is not a lesser included offense of statutory rape in the first degree.

The question we are asked to resolve is whether nonmarriage of the perpetrator to the victim is an essential element of first degree statutory rape notwithstanding the absence of an express requirement of such status in the statute defining the offense. If nonmarriage is an essential element, indecent liberties is a lesser included offense of first degree statutory rape.

The Washington State Supreme Court has not directly ruled on this question. In *State v. Johnson,* 96 Wn.2d 926, 933, 639 P.2d 1332 (1982), the court implied that indecent liberties was a lesser included offense of statutory rape in the first degree when it stated: "it is true in most cases that indecent liberties is a lesser included offense of statutory rape." However, since the two charged crimes in *Johnson* were based on separate and distinct acts, the court did not have to reach the ultimate issue of whether indecent liberties was a lesser included offense of first degree statutory rape.

Division One of this court recently held that indecent liberties is not a lesser included offense of first degree statutory rape. *State v. Hodgson,* 44 Wn. App. 592, 722 P.2d 1336 (1986), *aff'd on other grounds,* 108 Wn.2d 662, 740 P.2d 848 (1987). The court in *Hodgson* based its ruling on the fact that the first degree statutory rape statute, unlike the indecent liberties statute, does not expressly require that the perpetrator not be married to the victim. *Hodgson,*

---

". . .

"(b) When the other person is less than fourteen years of age . . ."

[4]Former RCW 9A.44.070 provides:

"Statutory rape in the first degree. (1) A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old."

44 Wn. App. at 599–600. The court rejected the State's argument that nonmarriage was an implicit element of first degree statutory rape. The court reasoned that since RCW 26.04.010 allows a person under the age of 17 to be married when the normal age requirement "has been waived by a superior court judge . . . on a showing of necessity", a 10–year–old could theoretically be married. *Hodgson,* 44 Wn. App. at 599. The court further found that because the Legislature required proof of nonmarriage in second degree statutory rape (where the victim is 11 to 13) and third degree statutory rape (where the victim is 14 to 15), the Legislature must have recognized that statutory rape victims may be married. *Hodgson,* 44 Wn. App. at 599–600. Thus, the court in *Hodgson* concluded that the Legislature must have foreseen and intended that a person could be found guilty of first degree statutory rape for having sexual intercourse with his or her 10–year–old or younger spouse. *Hodgson,* 44 Wn. App. at 599–600.

A statute must be read to avoid absurd results. *General Tel. Co. of Northwest, Inc. v. Utilities & Transp. Comm'n,* 104 Wn.2d 460, 471, 706 P.2d 625 (1985). We believe that the analysis in *Hodgson* leads to absurd results. First, the Legislature cannot possibly have contemplated statutory rape in the first degree being perpetrated on one's spouse. In the unlikely event that a child of 10 years or less establishes sufficient necessity to receive permission from the superior court to marry, it is inconceivable that the Legislature intended to criminalize consensual sexual intercourse between spouses, regardless of their ages. The fact that the Legislature did not expressly make nonmarriage an element of first degree statutory rape can lead to only one logical conclusion: the Legislature did not expect that children under the age of 10 would be marrying. Therefore, the only plausible reading of former RCW 9A.44.070 is to consider nonmarriage an implicit element of the crime.

To hold otherwise would result in unnecessary burdens to both the State and the defendant. Under the *Hodgson* approach, a person accused of second degree statutory rape

could only be charged with one crime, while a person accused of first degree statutory rape could be charged with two. As a result, the State would be required to separately charge indecent liberties in all first degree statutory rape cases since the State would be precluded from obtaining a lesser included offense instruction against its possible failure to prove the elements of the greater offense. Under this approach, additional time and expense would be necessary for both the State and the defendant in handling the separate charges.

We conclude that nonmarriage is a necessary element, by implication, of statutory rape in the first degree. Therefore, indecent liberties is a lesser included offense of statutory rape in the first degree. The trial court's instruction to the jury regarding indecent liberties as a lesser included offense was proper.

## COMPETENCY OF CHILD VICTIM

Bailey next argues that the trial court improperly determined that Jane was competent to testify at trial.

To determine whether a child is competent to testify, the trial court should evaluate the child on the following criteria:

> [Whether the child has] (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

*State v. Allen,* 70 Wn.2d 690, 692, 424 P.2d 1021 (1967).

■ Because competency of a youthful witness is not easily reflected in a written record, the determination lies within the sound discretion of the trial judge and will not be disturbed in the absence of proof of a manifest abuse of discretion. *State v. Allen, supra.* The determination of the witness's ability to meet the requirements of the test rests

primarily with the trial judge who sees the witness, notices his manner, and considers the witness's capacity and intelligence. *State v. Allen, supra.*

In the present case, the trial judge, after listening to and observing Jane testify at a pretrial hearing, determined that she was able to remember past events and relate those experiences to the court. It was also shown that Jane could differentiate between a lie and the truth. Jane further testified as to her family and living situation. Finally, Jane testified as to the defendant's actions giving rise to this case. Based on these observations, the trial court concluded that Jane was competent to testify at trial. The record supports the trial court's conclusion. Therefore, the record does not establish that there has been a manifest abuse of discretion.

## VICTIM'S HEARSAY STATEMENTS

Bailey next argues that the trial court improperly admitted hearsay statements made by Jane to her mother and Steve Norton.

RCW 9A.44.120 permits the use of hearsay statements made by the victims of child abuse under the age of 10 at a defendant's trial provided that the "indicia of reliability" are shown. "[T]he determination of whether statements are admissible under the child abuse hearsay exception is within the sound discretion of the trial court." *State v. Frey,* 43 Wn. App. 605, 611, 718 P.2d 846 (1986). "A finding that statements are within the statutory child abuse exception should not be reversed absent a showing of manifest abuse of discretion." *State v. Jackson,* 42 Wn. App. 393, 396, 711 P.2d 1086 (1985).

The Washington Supreme Court has set out nine factors to be considered when determining whether a child's hearsay statements are sufficiently reliable for admission purposes under the child hearsay statute. *State v. Ryan,* 103 Wn.2d 165, 175–76, 691 P.2d 197 (1984). The first five factors are as follows:

(1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; and (5) the timing of the declaration and the relationship between the declarant and the witness.

*Ryan,* 103 Wn.2d at 175–76 (quoting *State v. Parris,* 98 Wn.2d 140, 146, 654 P.2d 77 (1982)). The *Ryan* court also adopted four factors from *Dutton v. Evans,* 400 U.S. 74, 88–89, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970). They are as follows:

(1) the statement contains no express assertion about past fact, (2) cross examination could not show the declarant's lack of knowledge, (3) the possibility of the declarant's faulty recollection is remote, and (4) the circumstances surrounding the statement . . . are such that there is no reason to suppose the declarant misrepresented defendant's involvement.

*Ryan,* 103 Wn.2d at 176.

In the present case, after reviewing the *Ryan* factors, the trial court concluded that (1) Jane did not have an apparent motive to lie; (2) Jane's character was beyond reproach; (3) the statements were heard by at least three people at different times; (4) the statements, particularly those made to her mother, were made spontaneously; (5) the statement made to her mother was made on the day the incident happened; (6) although all of the statements referred to past facts, the statements were made within close proximity of the time of the incident; (7) no lack of knowledge on the part of Jane was established through cross examination during the pretrial hearing; (8) the possibility of faulty recollection was remote; and (9) the circumstances surrounding the statement are such that there is no reason to believe that Jane misrepresented the defendant's involvement. Consequently, the trial judge ruled that the requisite indicia of reliability were present and concluded that the hearsay statements made by Jane to her mother and other third parties were admissible.

Since the court properly reviewed the *Ryan* factors and held that the child's testimony was reliable, there was no manifest abuse of discretion.

## RAPE SHIELD STATUTE

Bailey next argues that the trial court improperly allowed the prosecutor, during his closing argument, to comment that no evidence had been shown to establish that the victim had suffered from prior sexual abuse. Bailey contends that under the rape shield statute, RCW 9A.44-.020, evidence of the victim's past sexual behavior or experience is not admissible at trial. However, this argument is without merit.

■ This court has recently held that the rape shield statute does not prohibit all evidence of a victim's past sexual experience. *State v. Carver,* 37 Wn. App. 122, 125–26, 678 P.2d 842, *review denied,* 101 Wn.2d 1019 (1984). In *Carver,* we stated that evidence which neither prejudices the victim nor discourages prosecution generally does not fall within the scope of the statutory prohibition. *Carver,* 37 Wn. App. at 126. In *Carver,* the defendant offered evidence of the victims' prior sexual abuse to rebut the inference that they would not know about such sexual acts unless they had experienced them with the defendant. The court determined that since this evidence was not offered to attack the character of the victims, it fell outside the purview of the rape shield statute. In the present case, as in *Carver,* evidence regarding past sexual abuse of the victim was mentioned to establish her sexual knowledge. Although it is unclear from the record what actual evidence was offered to support the prosecutor's comments, these comments were not barred by the rape shield statute. Therefore, there has been no error.

## SUFFICIENCY OF THE EVIDENCE

### (a) Marital Status of Perpetrator and Victim

Bailey argues that the State failed to present any evidence that he was not married to the alleged victim. Bailey contends that since the State did not specifically address

the issue of the victim's marital status at trial, it failed to prove all elements of the offense. We find this argument unpersuasive.

 Although there was no direct evidence presented regarding marital status of the victim, there was adequate circumstantial evidence from which the jury could reasonably determine that the victim was not married to the defendant. Circumstantial evidence is not inherently less reliable than direct evidence. A conviction may be based wholly on circumstantial evidence even if the evidence is not inconsistent with the hypothesis of innocence. *State v. Gosby,* 85 Wn.2d 758, 766–67, 539 P.2d 680 (1975). At trial, the victim stated that the defendant had lived with the family for a short period of time and the defendant had served as her babysitter on several occasions. The victim's mother offered similar testimony regarding the relationship between the defendant and the victim's family. From this evidence, the jury could properly conclude that Jane, a 3–year–old child, was not married to the defendant.

### (b) Victim's Vacillation as to What Occurred and When

Finally, Bailey argues that the verdict was contrary to the evidence. Bailey submits that the combination of the victim's inability to specify the time period during which the abuse allegedly took place, together with the victim's vacillation regarding the event, did not support the guilty verdict. We do not find this argument persuasive.

In *State v. Carver, supra,* this court held that the State need not fix a precise time for the commission of the indecent liberties when it cannot intelligently do so. *Carver,* 37 Wn. App. at 126. "The test is whether the lack of specificity is prejudicial to the defendant." *Carver,* 37 Wn. App. at 126. In the present case, the State was unable to specify the exact date due to the youth of the victim. However, both the victim and the victim's mother were able to place the incident within a 30–day time period. Therefore, the victim was not unduly prejudiced by an excessive time period.

■ The verdict was supported by substantial evidence. On appeal, this court must determine, after viewing the evidence most favorable to the State, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980). After reviewing the record, we conclude that there was sufficient evidence from which a rational trier of fact could have found the essential elements of the crime of indecent liberties beyond a reasonable doubt.

Judgment affirmed.

REED, C.J., and ALEXANDER, J., concur.

Review granted by Supreme Court November 1, 1988.