[No. 55481-1. En Banc. March 22, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. WALTER V. BAILEY, *Petitioner.*

*Paul R. Bruce,* for petitioner.

*Arthur D. Curtis, Prosecuting Attorney,* and *Mark E. Beam, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is whether the defendant's conviction for indecent liberties should be reversed because the

trial court improperly instructed the jury that indecent liberties was a lesser included offense of statutory rape in the first degree. As we note herein, the Legislature has since changed the terminology of the pertinent statutes.

Walter V. Bailey, the defendant herein, was charged with first degree statutory rape as the result of events that occurred on a date between December 15, 1985 and January 5, 1986. Defendant was in his midthirties at the time of the crime charged.

At the time, defendant lived with the 3-year-old victim's family and occasionally baby-sat the victim and her infant brother. At trial, the mother testified that immediately upon her return home one day during the period in question, the victim appeared very upset and complained to the effect that the defendant had oral sex with her. A Vancouver Police Department social worker testified that shortly afterward the victim repeated the same complaint to him. The victim herself testified at trial, again to this same effect. A Vancouver Police Department detective sergeant testified that when he interviewed the defendant about it, and informed the defendant that the victim reported that he had oral-genital contact with her, the defendant began crying and confessed:

> I did it. It just happened. I was on the bed, and she was acting like she thought she was grown up.

Before submitting the case to the jury, the trial court reviewed its proposed jury instructions with counsel. Defense counsel excepted to a single instruction, one not here pertinent. Defense counsel made *no exception or objection of any kind whatsoever* to the trial court's instructions 8 and 9 informing the jury that indecent liberties was a lesser included offense of the crime of first degree statutory rape that had been charged.[1]

---

[1]Instruction 8 states:

"If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the

A jury found the defendant not guilty of first degree statutory rape but guilty of the lesser offense of indecent liberties. Defendant appealed and the Court of Appeals affirmed the conviction. *State v. Bailey,* 52 Wn. App. 42, 757 P.2d 541 (1988). Even though the defendant has served his sentence and is no longer incarcerated, this court granted his petition for discretionary review.

One ultimate issue is presented.

## ISSUE

Should the defendant's conviction for indecent liberties be reversed because the trial court instructed the jury that indecent liberties was a lesser included offense of statutory rape in the first degree?

## DECISION

CONCLUSION. Reversal is unwarranted because the defendant failed to except to the lesser included offense instructions at trial, and because any error presented by the trial court's instructions to the jury was harmless.

---

evidence is sufficient to establish the defendant's guilt of such lesser crime beyond a reasonable doubt.

"The crime of Statutory Rape in the First Degree necessarily includes the lesser crimes of Indecent Liberties.

"When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime."

Instruction 9 states:

"To convict the defendant of the lesser included crime of Indecent Liberties, each of the following elements of the crime must be proved beyond a reasonable doubt:

"1. That between the 15th day of December, 1985 and the 5th day of January, 1986, the defendant knowingly caused [the victim] to have sexual contact with the defendant;

"2. That [the victim] was less than fourteen years of age;

"3. That the defendant was *not married* to [the victim] at the time of the sexual contact; and

"4. That the acts occurred in Clark County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

"On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty." (Italics ours.)

The first degree statutory rape statute under which the defendant was charged was former RCW 9A.44.070. The pertinent portion of this former statute read as follows:

A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.

Former RCW 9A.44.070(1). The indecent liberties statute under which the defendant was convicted was former RCW 9A.44.100 which, so far as here relevant, read:

A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

. . . .

(b) When the other person is less than fourteen years of age

. . .

Former RCW 9A.44.100(1)(b).

In order to constitute a lesser included offense, each element of the lesser offense must be a necessary element of the greater offense charged.[2] The defendant argues that indecent liberties was not a lesser included offense of statutory rape in the first degree because to prove indecent liberties, the State had to prove an element that was not a necessary element of first degree statutory rape, i.e., that the perpetrator was not married to the victim. Since nonmarriage is an element of indecent liberties but not of statutory rape in the first degree, the defendant claims that the trial court erred in instructing the jury that indecent liberties was a lesser included offense of the crime charged.[3]

We note here the split within the Court of Appeals on this issue. Division One has held that because the first degree statutory rape statute did not expressly require that

---

[2]State v. Pelkey, 109 Wn.2d 484, 488, 745 P.2d 854 (1987); State v. Parker, 102 Wn.2d 161, 164, 683 P.2d 189 (1984).

[3]In 1988, the Legislature repealed RCW 9A.44.070, the statute under which the defendant was charged, and replaced it with RCW 9A.44.073, rape of a child in the first degree, which includes nonmarriage as an element. Laws of 1988, ch. 145, §§ 2, 24, pp. 562, 584. Thus, the issue presented by this case has been resolved by legislative amendment for cases arising after July 1, 1988.

the perpetrator not be married to the victim, indecent liberties is not a lesser included offense.[4] Division Two, on the other hand, held here that nonmarriage is an implicit element of first degree statutory rape and that indecent liberties is a lesser included offense.[5] The State argues that regardless of which position is correct, the defendant did not preserve this issue for appeal because no exception was taken to the lesser included offense instructions at trial.

■■ It is well–settled law that before error can be claimed on the basis of a jury instruction given by the trial court, an appellant must first show that an exception was taken to that instruction in the trial court.[6] That rule is not a mere technicality. As we have explained clearly and often:

> CR 51(f) requires that, when objecting to the giving or refusing of an instruction, "[t]he objector shall state distinctly the matter to which he objects and the grounds of his objection". The purpose of this rule is to clarify, at the time when the trial court has before it all the evidence and legal arguments, the exact points of law and reasons upon which counsel argues the court is committing error about a particular instruction. *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 83, 492 P.2d 1058 (1971); *see State v. McDonald,* 74 Wn.2d 141, 145, 443 P.2d 651 (1968). Therefore, the objection must apprise the trial judge of the precise points of law involved and when it does not, those points will not be considered on appeal. *Haslund v. Seattle,* [86 Wn.2d 607,] 614–15, [547 P.2d 1221 (1976)]; *Powers v. Hastings,* 20 Wn. App. 837, 848, 582 P.2d 897 (1978).

*Stewart v. State,* 92 Wn.2d 285, 298, 597 P.2d 101 (1979). Defense counsel did not comply with this basic rule.

Pertinent is our opinion in *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986), wherein we affirmed the defendant's conviction of aggravated murder in the first degree. At the trial in *Mak,* the defendant did

---

[4]*State v. Hodgson,* 44 Wn. App. 592, 600, 722 P.2d 1336 (1986), *aff'd as modified on other grounds,* 108 Wn.2d 662, 740 P.2d 848 (1987).

[5]*State v. Bailey,* 52 Wn. App. 42, 47, 757 P.2d 541 (1988).

[6]CR 51(f); *Stewart v. State,* 92 Wn.2d 285, 298, 597 P.2d 101 (1979).

*not* request an included offense instruction on premeditated murder in the first degree (which *is* an included offense) but *did* request an included offense instruction on felony murder (which is *not* an included offense.)[7] Since the defendant did not request an included offense instruction on premeditated murder in the first degree, the trial court did not give one. The court did give the *requested* included offense instruction on felony murder.[8] On appeal to this court, the defendant in *Mak* reversed his position 180 degrees and argued that the trial court erred by *not* giving an instruction on the included offense of premeditated murder in the first degree and also erred by *giving* an instruction on felony murder since it is not an included offense.[9]

In *Mak,* we refused to countenance such tactics, holding that

> the defendant's conviction of either premeditated first degree murder or felony murder would have had the same effect, avoidance of the death penalty and preservation of the possibility of parole.
>
> *Under these circumstances, we hold that: (1) the lesser included offense instruction that was given, [i.e., felony murder] not having been excepted to at trial, became the law of the case*; (2) any error in connection therewith was invited error and cannot be complained of on appeal; *and (3) any error in that connection was harmless* beyond a reasonable doubt. If error at all, it clearly was not reversible error.
>
> The defendant also argues that since felony murder requires proof that the crime was committed "in the course of *and* in furtherance of" the felony, it was not properly an "included offense" of aggravated first degree murder at all, thus, the trial

---

[7]*State v. Mak,* 105 Wn.2d 692, 745–48, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986); *State v. Irizarry,* 111 Wn.2d 591, 593–94, 763 P.2d 432 (1988).

[8]*See Mak,* at 745–47. In order to avoid confusion, it must be kept in mind that although felony murder is first degree murder (RCW 9A.32.030(1)(c)), as is premeditated first degree murder (RCW 9A.32.030(1)(a)), these are different ways by which the crime may be committed. These distinctions are explained, along with the relationship of those crimes to aggravated murder in the first degree, in *Irizarry,* at 593–94.

[9]*Mak,* at 747–49.

court also erred on this basis when it gave the felony murder included offense instruction. *Even accepting defendant's present premise that it was error to give the felony murder included offense instruction, for each and all of the same three reasons just stated, it was not reversible error.* (Footnotes omitted. Some italics ours.) *Mak,* at 748–49.

In short, what we held in *Mak* was that a defendant cannot fail in his duty to except to lesser included offense instructions that potentially benefit him, and then on appeal claim reversible error based on those instructions. Yet that is precisely what the defendant is attempting here. The present case is even more egregious than *Mak,* because here the defendant profited from the trial court's giving of the lesser offense instructions to the extent that he was convicted of the lesser offense of indecent liberties rather than the more serious offense of first degree statutory rape with which he was charged. We hold in this case, as we did in *Mak,* that "the lesser included offense instruction that was given, not having been excepted to at trial, became the law of the case."[10]

An exception to the rule that a jury instruction must be excepted to exists in the case of "manifest error affecting a constitutional right."[11] In *Mak,* we also dealt with the question of alleged constitutional error in the giving of a felony murder instruction as an included offense instruction and concluded that "any error in that connection was harmless beyond a reasonable doubt."[12] As we even more recently reiterated in *State v. Scott,* 110 Wn.2d 682, 687, 757 P.2d 492 (1988),

> the constitutional error exception is not intended to afford criminal defendants a means for obtaining new trials whenever they can "identify a constitutional issue not litigated below." The exception actually is a narrow one, affording review only of "certain constitutional questions". Moreover, the exception

---

[10] *Mak,* at 748; *see also Irizarry,* at 595.

[11] RAP 2.5(a)(3); *State v. Scott,* 110 Wn.2d 682, 684, 757 P.2d 492 (1988).

[12] *Mak,* at 748–49.

does not help a defendant when the asserted constitutional error is harmless beyond a reasonable doubt.

· (Citations omitted.)

The defendant claims that the lesser included offense instructions constituted an error of constitutional magnitude because they violated his constitutional right to notice of the charges filed against him.[13] An accused has a constitutional right to be informed of the nature and cause of the accusation against him or her so as to enable the accused to prepare a defense.[14] "[T]his can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged."[15]

■ Here, the charge of statutory rape in the first degree technically failed to notify the defendant of the nonmarriage requirement of indecent liberties. However, the defendant had ample notice of the possibility that he could be convicted of indecent liberties and ample opportunity to fully defend himself against that charge. While the charge of statutory rape in the first degree did fail to expressly notify the defendant of the nonmarriage element of indecent liberties, this omission was harmless beyond a reasonable doubt.

■ The defendant also contends that due process requires jury instructions to define every element of the offense charged.[16] We agree that "'[i]n instructing a jury as to the statutory definition of the crime with which a defendant stands charged, all of the pertinent elements contained in the statute should be set forth. . . .'" (Italics

---

[13]*See* Const. art. 1, § 22 (amend. 10); *Pelkey,* at 488.

[14]*State v. Bergeron,* 105 Wn.2d 1, 18, 711 P.2d 1000 (1985); *see also Pelkey,* at 487.

[15]*Pelkey,* at 488 (citing *State v. Ackles,* 8 Wash. 462, 464–65, 36 P. 597 (1894)).

[16]*State v. Johnson,* 100 Wn.2d 607, 623, 674 P.2d 145 (1983), *overruled on other grounds in State v. Bergeron,* 105 Wn.2d 1, 711 P.2d 1000 (1985); *State v. Davis,* 27 Wn. App. 498, 506, 618 P.2d 1034 (1980).

omitted.)[17] The trial court's instruction setting out the elements of the offense of indecent liberties (instruction 9, footnote 1, *supra*) correctly set out *all* of the elements of that offense. Even if we were to concede that "nonmarriage" is not an element of the offense charged (first degree statutory rape), the defendant cannot be said to have been prejudiced by the proof of this *additional* element. This is not a case where less than all of the elements of the offense were proved. Nor can we accept the defendant's assertion that at trial there was no proof that he and the victim were not married. It was proved that the victim was 3 years old! It was also proved that the adult defendant was baby–sitting her at the time!

Indeed, the overall evidence of the defendant's guilt was substantial. To refer to the defendant's testimony on his own behalf at trial as unpersuasive in the extreme is to be charitable. The defendant was the only defense witness. His direct testimony occupies less than 1½ pages of the verbatim report of proceedings. In testifying, he did not deny the acts shown in the State's case, but in conclusory fashion claimed only that he didn't "commit any crimes" against the child. In the brief cross examination of the defendant, he was asked if in fact he hadn't confessed to the detective (who had so testified), and he responded, "I do not remember that". The defendant also was asked if he didn't tell the detective that he had oral–genital contact with the child and he replied, "Not that I recall, no." Even if we were to assume that constitutional error was committed in this case, any such error was harmless beyond a reasonable doubt. If error at all, it clearly was not reversible error.[18]

In sum, the evidence of the defendant's guilt of molesting the 3–year–old girl in this case is indeed overwhelming. The only error arguably committed was an instructional error

---

[17]*State v. Emmanuel,* 42 Wn.2d 799, 820, 259 P.2d 845 (1953) (quoting *State v. Hilsinger,* 167 Wash. 427, 434, 9 P.2d 357 (1932)).

[18]*See Mak,* at 748–49; *State v. Johnson,* 71 Wn.2d 239, 244–45, 427 P.2d 705 (1967).

which benefited the defendant and doubtless, for that reason, was acquiesced in by defense counsel when he did not except as required by our rules. Pursuant to our decision in *Mak,* and under the facts herein, any such error not having been excepted to became the law of the case and, in addition, to the extent that it may be argued that it was constitutional error, it was harmless beyond a reasonable doubt.

The defendant's conviction is affirmed.

CALLOW, C.J., and BRACHTENBACH, DURHAM, and SMITH, JJ., concur.

DOLLIVER, J. (dissenting)—The majority, relying on *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986), contends the error here was not of constitutional magnitude and asserts that even if it were it was harmless beyond a reasonable doubt. I disagree with both these sentiments. Throughout its opinion the majority confuses speculation with certainty and what is with what is desired.

Initially, I note the majority, after an inconclusive and somewhat pejorative discussion, seems to agree that at the time of the trial the elements of first degree statutory rape and indecent liberties were not the same. While this may be a technical matter, as the majority complains, this court recently has again honored the principle that "[t]he accused, in [a] criminal prosecution[], has a constitutional right to be apprised of the nature and cause of the accusation against him." *State v. Pelkey,* 109 Wn.2d 484, 488, 745 P.2d 854 (1987) (quoting *State v. Ackles,* 8 Wash. 462, 464, 36 P. 597 (1894)). I also note the majority in *Pelkey* refused to adopt a rule requiring "prejudice" to the defendant before the constitutional right could be exercised. *See State v. Pelkey, supra* at 491–92 (Durham, J., concurring).

*State v. Mak, supra,* is not controlling and is readily distinguishable from this case. In *Mak,* a lesser included instruction of felony murder was given when the charged crime was aggravated murder in the first degree. Mak

requested the felony murder instruction, but was convicted of the charged offense, aggravated murder in the first degree. Mak argued that the felony murder lesser included instruction was constitutional error requiring reversal. We rejected that argument because the instruction, not objected to at trial, became the law of the case. Any error was invited error and harmless beyond a reasonable doubt.

The significant difference which distinguishes the case before the court is that Bailey was not convicted of the higher crime of first degree statutory rape with which he was charged. Rather, he was convicted of the lesser included offense which was improperly given to the jury. Consequently, Bailey was convicted of an offense to which he was not given notice of the elements. In *Mak,* the defendant was convicted of the charged crime and thus had the required notice of all the elements. Therefore, the error was not that of giving an instruction which is not technically a lesser included offense, as the majority suggests, but rather a constitutional error of omitting an element of the crime charged.

On the issue of constitutional error beyond a reasonable doubt, after considering both this test and the contribution test, this court has adopted the overwhelming evidence test. *State v. Guloy,* 104 Wn.2d 412, 425–26, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). Under either test the error was not harmless.

While the majority states there was overwhelming evidence of Bailey's guilt, it overlooks the fact that the jury found Bailey was not guilty of first degree statutory rape. If the error had not been committed and the lesser included instruction had not been given, a claim that the jury would have convicted on the higher charge is sheer speculation. Nor can it be known Bailey benefited from the lesser included instruction; he may have been acquitted without it.

As to the statement of the majority that there was overwhelming evidence of defendant's guilt as to indecent liberties and therefore the error was harmless, this argument

is dangerous. Without the error, the jury would not have even been instructed as to indecent liberties and the defendant would not have been convicted of that offense. *Because* this case deals with an error, not as to evidence improperly admitted, but as to the giving of a lesser included instruction, the overwhelming evidence test does not appear to, nor should it be, fashioned for these types of errors.

The majority prefers to look at the case from the desired result backward to the trial. This completely turns things around. Looking at the case properly, *i.e,* forward from the trial to the conviction, a defendant is entitled to the constitutional protections now in place. This the majority fails to do. The majority deals with certitudes gained only by viewing the case after the trial; I would prefer to honor constitutional rules during the trial.

It may well be these constitutional protections need to be reexamined and rethought. This should be done, however, in a straightforward manner, not by the method here chosen by the majority.

UTTER and DORE, JJ., and PEARSON, J. Pro Tem., concur with DOLLIVER, J.