[No. 31920-9-II.   Division Two.   August 23, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN STOCKWELL, *Appellant*.

*Catherine E. Glinski*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall A. Sutton, Deputy*, for respondent.

¶1 HUNT, J. — Dan Stockwell appeals two Persistent Offender Accountability Act (POAA) life sentences for first degree and attempted first degree child molestation with special allegations of domestic violence against family members. He argues the trial court erred in determining that his prior first degree statutory rape conviction was comparable to a first degree child rape conviction and, thus, a "strike" under the POAA[1] because, under *Blakely*,[2] a jury must decide whether he is a persistent offender. Holding the trial court properly determined that Stockwell's prior conviction was legally comparable to a POAA strike offense, we affirm.

## FACTS

¶2 A jury found Dan Stockwell guilty of one count of first degree child molestation and one count of attempted first degree child molestation committed against family or household members, his stepgranddaughters.

¶3 The State asked the trial court to sentence Stockwell to life in prison, without the possibility of parole, under the "two strikes" provision of the POAA, RCW 9.94A.030(32)(b);

---

[1] RCW 9.94A.030(32)(b), .570.

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

RCW 9.94A.570. The State argued that Stockwell's 1986 first degree statutory rape conviction under former RCW 9A-.44.070(1) (1985), though not an enumerated "strike" offense, is comparable to the enumerated offense of first degree child rape under RCW 9A.44.073(1).

¶4 The trial court ruled that former RCW 9A.44.070(1)'s definition of statutory rape was broader than RCW 9A-.44.073(1)'s definition of child rape because the latter offense contains an additional element—that the victim was not married to the perpetrator. The trial court noted that (1) the 1986 information charged Stockwell with having committed the statutory rape in 1985; (2) the 1986 statutory rape judgment and sentence indicated that Stockwell was 35 years old at the time of his conviction; and (3) the affidavit of probable cause showed that the victim was the eight-year-old daughter of Stockwell's girl friend. The trial court found that these documents were circumstantial evidence that the victim was not married to Stockwell at the time of the offense.

¶5 The trial court then ruled that Stockwell's prior 1986 statutory rape conviction was comparable to first degree child rape under RCW 9.94A.030(32)(b)(ii) and, therefore, it would count as a strike under the POAA. Accordingly, the trial court imposed two concurrent life sentences without the possibility of parole. Stockwell appeals.

## ANALYSIS

### PERSISTENT OFFENDER STATUS

■ ¶6 Stockwell first argues the trial court improperly relied on judicially determined facts to increase his sentence beyond the standard range in violation of his Sixth Amendment[3] right to a jury trial when it imposed persistent offender life sentences without parole under RCW 9-.94A.030(32)(b) and RCW 9.94A.570. He contends that the trial court's comparability analysis, counting his prior con-

---

[3] U.S. CONST. amend. VI.

viction for first degree statutory rape as a "strike" under the POAA, violates his right to a jury trial for exceptional sentencing factors set forth in *Blakely*. We hold that the trial court properly determined the legal comparability between the offenses; therefore, we do not reach Stockwell's *Blakely* argument.

## A. POAA

¶7 The POAA requires the sentencing court to sentence a persistent offender to a life sentence without the possibility of release, regardless of the standard range or statutory maximum sentence for the charged offense. RCW 9.94A.570. RCW 9.94A.030(32)(b) defines a "persistent offender" as one who:

> (b)(i) Has been convicted of: (A) . . . rape of a child in the first degree, child molestation in the first degree, . . . or (C) an attempt to commit any crime listed in this subsection 32(b)(i); and
>
> (ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection or any federal or out-of-state offense *or offense under prior Washington law that is comparable to the offenses listed in (b)(i) of this subsection.*

(Emphasis added.) The trial court found that Stockwell met this definition of a persistent offender, based on a prior statutory rape conviction it found comparable to a prior "strike" offense listed under this statute.

## B. Comparability

¶8 Stockwell argues that the record does not support the trial court's finding that his prior first degree statutory rape conviction is comparable to first degree child rape, a POAA strike offense. More specifically, he argues, the trial court could not infer he was not married to the victim from the fact that she was the eight-year-old daughter of his girl

friend and that he was 35 years old at the time. We disagree.

■ ¶9 In conducting a comparability analysis, Washington courts (1) determine the most comparable offense and its classification, (2) compare the elements of the offenses, and (3) treat the prior conviction as if it were a conviction for the comparable persistent offender offense. *State v. Berry*, 141 Wn.2d 121, 131, 5 P.3d 658 (2000). These three steps for comparing statutory elements is a process of *legal* comparability.

¶10 But if the statutes being compared contain different elements, " 'the sentencing court may look at the defendant's conduct, as evidenced by the indictment or information, to determine whether the conduct would have violated the comparable . . . statute.' " *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998) (quoting *State v. Mutch*, 87 Wn. App. 433, 437, 942 P.2d 1018 (1997)) (citing *State v. Duke*, 77 Wn. App. 532, 535, 892 P.2d 120 (1995)).[4] This method of evaluating the defendant's prior conduct entails a process of *factual* comparability. *See In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255-58, 111 P.3d 837 (2005) (analyzing legal and factual comparability in a two part test to determine whether foreign convictions are comparable to Washington strike offenses under the POAA).

■ ¶11 The elements of first degree statutory rape, Stockwell's prior first strike conviction, are set forth in former RCW 9A.44.070(1) (1985): "A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old." The elements of first degree child rape, the comparable contemporary offense, are defined under RCW 9A.44.073(1): "A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less

---

[4] *Morley* reminds us, "While it may be necessary to look into the record of a foreign conviction to determine its comparability to a Washington offense, the elements of the charged crime must remain the cornerstone of the comparison." 134 Wn.2d at 606.

than twelve years old and *not married to the perpetrator* and the perpetrator is at least twenty-four months older than the victim." (Emphasis added.) Stockwell argues that these two offenses are not legally comparable because the current child rape statute requires proof that the victim was not married to the perpetrator, an element not included in the former first degree statutory rape statute. We disagree.

¶12 We have previously held that nonmarriage is an implied element under former RCW 9A.44.070(1). *State v. Bailey*, 52 Wn. App. 42, 47, 757 P.2d 541 (1988), *aff'd*, 114 Wn.2d 340, 787 P.2d 1378 (1990).[5] Thus, by pleading guilty to the 1986 first degree statutory rape as charged, Stockwell also pleaded guilty to the implied element of his nonmarriage to the victim.

¶13 We hold, therefore, that the trial court did not err in finding that Stockwell's 1986 first degree statutory rape conviction was legally comparable to first degree child rape for POAA purposes.

## C. *Blakely*

¶14 Stockwell further argues that the trial court violated the Sixth Amendment in relying on a "judicially determined fact" (i.e., that he was not married to his 1986 victim), rather than a jury verdict or his own admission, "to impose a greater sentence than allowed by the jury's verdict," contrary to *Blakely*. Because we uphold the trial court's analysis finding Stockwell's prior conviction legally comparable to a current strike offense, we need not address Stockwell's arguments concerning factual comparability.

¶15 Accordingly, we affirm the trial court's sentencing of Stockwell as a persistent offender.

¶16 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[5] *Contra State v. Hodgson*, 44 Wn. App. 592, 599, 722 P.2d 1336 (1986), *aff'd in part, rev'd in part*, 108 Wn.2d 662, 740 P.2d 848 (1987).

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

¶17 Affirmed.

VAN DEREN, A.C.J., and BRIDGEWATER, J., concur.

Review granted at 156 Wn.2d 1035 (2006).