150 P.3d 82 (2007)
STATE of Washington, Respondent,
v.
Dan STOCKWELL, Petitioner.
No. 77693-8.
Supreme Court of Washington, En Banc.
Argued June 29, 2006.
Decided January 4, 2007.
*83 Catherine E. Glinski, Attorney at Law, Manchester, WA, for Petitioner.
Randall Avery Sutton, Kitsap Co. Prosecutor's Office, Port Orchard, WA, for Respondent.
CHAMBERS, J.
¶ 1 We must decide whether first degree rape of a child and first degree statutory rape are legally comparable crimes. We conclude they are and affirm Dan Stockwell's life sentence as a persistent offender.

I
¶ 2 In 1986, Stockwell pleaded guilty to one count of first degree statutory rape. The information filed in the 1986 case charged:
That DANIEL J. STOCKWELL, in Pierce County, Washington, during the period between February 1, 1985 and March 31, 1985, did unlawfully and feloniously being over the age of 13 years, engage in sexual intercourse with [CS], who was less than 11 years old, contrary to RCW 9A.44.070, and against the peace and dignity of the State of Washington.
Clerk's Papers (CP) at 62-63.[1] The probable cause affidavit additionally revealed that CS was eight years old and that "the defendant, her mother's boyfriend, on numerous occasions, engaged in sexual intercourse with her." CP at 64. Stockwell's statement on plea of guilty acknowledged that he was over 13, CS was under 11, and that they had had intercourse. Nowhere in the charging or sentencing documents or in the guilty plea does it affirmatively state that Stockwell was not married to eight year old CS, though it does establish he was 34 years old at the time.[2]
¶ 3 Later, Stockwell married CS's mother. Then, in 2004, Stockwell was tried and convicted of first degree child molestation and attempted child molestation of two of his wife's granddaughters. Given his prior rape conviction, the State successfully sought a life sentence under the Persistent Offender Accountability Act (POAA), former RCW 9.94A.030(32)(b) (2002), recodified as RCW 9.94A.030(33)(b); RCW 9.94A.570.
¶ 4 Stockwell appealed his sentence, arguing that his prior offense, first degree statutory rape, is neither listed as nor comparable to a strike offense, and thus he was not eligible for a life sentence. The Court of *84 Appeals affirmed the trial court. We accepted review.

II
¶ 5 Since only questions of law are before us, our review is de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002). The POAA requires a life sentence upon the second (or third) conviction for certain designated crimes or for crimes that are deemed "comparable" to those designated. RCW 9.94A.030(33). First degree rape of a child is a designated strike offense, but in 1986 no crime in Washington bore that name. See RCW 9.94A.030(33)(b)(i), .570. We turn first to whether rape of a child is legally comparable to first degree statutory rape.
¶ 6 We recently considered a similar question in In re Personal Restraint of Lavery, 154 Wash.2d 249, 111 P.3d 837 (2005). We reiterated that when "the elements of the foreign conviction are comparable to the elements of a Washington strike offense on their face, the foreign crime counts toward the offender score as if it were the comparable Washington offense." Id. at 255, 111 P.3d 837 (citing State v. Morley, 134 Wash.2d 588, 605-06, 952 P.2d 167 (1998)). While Stockwell's offense was not a foreign one, we will apply a similar approach here.
¶ 7 Thus, if the elements of the strike offense and the elements of the foreign (or prior) crime are comparable, the former (or prior) crime is a strike offense. Id. Legal comparability analysis is not an exact science, but when, for example, an out-of-state statute criminalizes more conduct than the Washington strike offense, or when there would be a defense to the Washington strike offense that was not meaningfully available to the defendant in the other jurisdiction or at the time, the elements may not be legally comparable. See Lavery, 154 Wash.2d at 256-57, 111 P.3d 837.
¶ 8 Only one element concerns us here. The legislature has added a statutory element to first degree rape of a child, nonmarriage. RCW 9A.44.073(1). The former statutory rape statute, however, did not mention marriage. See former RCW 9A.44.070 (1986), repealed by Laws of 1988, ch. 145, § 24(1).[3] Stockwell argues that the modern statute criminalizes less conduct (by exempting sexual contact between spouses) and provides a defense (of marriage) that would not have been available under the prior law. The Court of Appeals rejected his claim because it found that nonmarriage was an implied, nonstatutory element of the crime of statutory rape and thus the elements were comparable. State v. Stockwell, 129 Wash.App. 230, 235, 118 P.3d 395 (2005).
¶ 9 In the 1980s, divisions of the Washington State Court of Appeals split on whether nonmarriage was an implied element of first degree statutory rape: Division Two finding it was, Division One finding it was not. State v. Bailey, 52 Wash.App. 42, 46-47, 757 P.2d 541 (1988), aff'd on other grounds, 114 Wash.2d 340, 787 P.2d 1378 (1990); State v. Hodgson, 44 Wash.App. 592, 599, 722 P.2d 1336 (1986), aff'd on other ground, 108 Wash.2d 662, 740 P.2d 848 (1987).[4]
¶ 10 In Bailey, a defendant was charged with first degree statutory rape of a three-year-old child. The jury was instructed that if it could not reach a verdict on that charge, it could consider whether the defendant had committed indecent liberties as a lesser included offense. The jury returned a verdict *85 for indecent liberties and Bailey appealed. Bailey argued that, per Hodgson, indecent liberties was not a lesser included offense of first degree statutory rape since indecent liberties contained an element not present in first degree statutory rape: nonmarriage.
¶ 11 Division Two disagreed. It concluded:
[t]he analysis in Hodgson leads to absurd results. First, the Legislature cannot possibly have contemplated statutory rape in the first degree [as] being perpetrated on one's spouse. In the unlikely event that a child of 10 years [old] or less establishes sufficient necessity to receive permission from the superior court to marry, it is inconceivable that the Legislature intended to criminalize consensual sexual intercourse between spouses, regardless of their ages. The fact that the Legislature did not expressly make nonmarriage an element of first degree statutory rape can lead to only one logical conclusion: the Legislature did not expect that children under the age of 10 would be marrying. Therefore, the only plausible reading of former RCW 9A.44.070 is to consider nonmarriage an implicit element of the crime.
Bailey, 52 Wash.App. at 46, 757 P.2d 541. We agree with Division Two that it is simply inconceivable that the legislature would expect that children 10 years old or less would marry. Nonmarriage is an implied element of the crime of first degree statutory rape.
¶ 12 Further, our purpose today is to determine what the legislature intended. Cf. State v. Calle, 125 Wash.2d 769, 777-78, 888 P.2d 155 (1995). The legislature added this comparability clause after a court declined to infer one. See State v. Delgado, 148 Wash.2d 723, 725, 63 P.3d 792 (2003) and Laws of 2001, ch. 7, § 2(31)(b)(ii). Given the apparent impetus for adding a comparability clause to the POAA, given Bailey, and given the legislative history of these statutes, we hold as a matter of law that first degree statutory rape under former RCW 9A.44.070(1) and first degree rape of a child under RCW 9A.44.073(1) are comparable. See RCW 9.94A.030(33)(b), .570.[5]

III
¶ 13 Former first degree statutory rape and rape of a child in the first degree are comparable. Therefore, first degree statutory rape is a "strike" under the "two strikes" provision of the POAA. We affirm the Court of Appeals and affirm Stockwell's life sentence.
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, BARBARA A. MADSEN, BOBBE J. BRIDGE, SUSAN OWENS, MARY E. FAIRHURST and JAMES M. JOHNSON, JJ.
SANDERS, J. (dissenting).
¶ 14 The majority holds first degree statutory rape under former RCW 9A.44.070(1) (1986) and first degree rape of a child under RCW 9A.44.073 (1) are legally comparable crimes. I disagree.
¶ 15 To conclude statutory rape and rape of a child are comparable, the majority reasoned, "it is simply inconceivable that the legislature would expect that children 10 years old or less would marry," and therefore, "[n]onmarriage is an implicit element of the crime of first degree statutory rape." Majority at 6. This is unsupported. The majority dismisses In re Personal Restraint of Thompson, 141 Wash.2d 712, 10 P.3d 380 (2000) where we compared the elements of first degree statutory rape (former RCW 9A.44.070) and first degree rape of a child (RCW 9A.44.073) and found the two statutes not legally comparable for purposes of a guilty plea. We stated in Thompson, "[o]ne of the elements of first degree statutory rape is that the victim be less than 11 years old (former RCW 9A.44.070); for first degree rape of a child the victim must be less than 12 years old. Also, the earlier statute requires the perpetrator to be over 13 years of *86 age, whereas the later statute says instead that the perpetrator must be at least 24 months older than the victim and not married to the victim." Id. at 722, 10 P.3d 380 (emphasis added).
¶ 16 Furthermore, while Division Two of the Court of Appeals held nonmarriage is an implied element of first degree statutory rape, Division One has held it is not. See State v. Bailey, 52 Wash.App. 42, 47, 757 P.2d 541 (1988), aff'd, 114 Wash.2d 340, 787 P.2d 1378 (1990); State v. Hodgson, 44 Wash.App. 592, 599-600, 722 P.2d 1336 (1986), aff'd, 108 Wash.2d 662, 740 P.2d 848 (1987). Bailey and Hodgson analyzed whether indecent liberties is a lesser included offense of statutory rape and focused on whether each element of the lesser offense of indecent liberties (containing the element of nonmarriage) is included in the charged offense of statutory rape. In Hodgson, the State, like the majority here, argued that because RCW 26.04.010 renders a marriage between two people under 17 years of age void, "the Legislature omitted the nonmarriage element because it was obvious that a person under 11 years of age could not be legally married." Hodgson, 44 Wash.App. at 599, 722 P.2d 1336. The court found this argument unpersuasive, reasoning that because RCW 26.04.010 "allows for marriage under the age of 17 when the age requirement `has been waived by a superior court judge . . . on a showing of necessity' . . . [N]onmarriage is not an element implicit in first degree statutory rape." Id. (emphasis added) (first alteration in original). The court continued
Furthermore, the fact that the Legislature requires proof of nonmarriage in second (victim 11 to 13 years old) and third (victim 14 to 15 years old) degree statutory rape indicates a legislative recognition that victims under 17 may be married. . . . This suggests that the Legislature, as a matter of policy, decided that intercourse with a victim under 11 constitutes statutory rape regardless of whether the perpetrator and the victim are married.
Id. at 599-600. 722 P.2d 1336.
¶ 17 I am not persuaded by the majority's unsupported assertion that nonmarriage is an implied element of statutory rape and therefore cannot agree statutory rape and rape of a child are comparable crimes.
¶ 18 I respectfully dissent.
NOTES
[1] At approximately the same time, Stockwell pleaded guilty to one count of indecent liberties against a different victim. After these two convictions, he received sex offender treatment. It appears that there are no intervening convictions.
[2] In 1986, the age of consent to marry in Washington was 18. Laws of 1973, 1st Ex.Sess., ch. 154, § 26, codified as RCW 26.04.010. A marriage where one party is younger than 17 is simply void unless a trial judge finds a "necessity" not to void it. Id.
[3] The legislature created the current crime of first degree rape of a child in that same act. See Laws of 1988, ch. 145, § 2, codified as RCW 9A.44.073.
[4] Stockwell asserts that this court has already found that rape of a child and statutory rape were not substantially similar in In re Personal Restraint of Thompson, 141 Wash.2d 712, 10 P.3d 380 (2000). We disagree. In Thompson, the petitioner pleaded guilty to a crime (rape of a child) that did not exist on the date of the conduct charged. This court vacated, tolled the statute of limitations, and allowed refiling of the charges under the correct statute. A judgment and sentence is clearly invalid on its face if it is for a crime that did not exist at the time. Id. at 719, 10 P.3d 380. The primary issue in Thompson was whether the defendant had waived the issue or invited the error by pleading guilty. While there was some discussion of the elements of the two crimes in the context of the statute of limitations and the appropriate scope of a superseding indictment, the parties did not appear to be disputing what the elements were, merely the consequences of them.
[5] Before 2004, it was clear that prior crimes could also be factually comparable to strike offenses. Morley, 134 Wash.2d 588, 952 P.2d 167. Since we find that rape of a child and statutory rape are legally comparable, no fact finding is necessary. Therefore, we do not reach whether Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) requires a jury trial to determine whether a prior offense is factually comparable.