[No. 5112-9-III. Division Three. October 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. WADE FARRINGTON, *Appellant.*

B. *Rolf Borgersen* and *Ebenger & Borgersen,* for appellant.

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

McINTURFF, J.—Wade Farrington appeals his conviction of indecent liberties. We affirm.

Mr. Farrington was charged with indecent liberties based on an incident of oral sexual contact with his 11-year-old stepdaughter.[1] A plea of not guilty was entered. During trial, but after the State called the victim as its second witness, defense counsel was granted a recess. Shortly thereafter, Mr. Farrington changed his plea to guilty based on a plea bargain whereby the prosecutor agreed to recommend a deferred sentence. Mr. Farrington signed a statement of defendant on plea of guilty which provided: "On or about June 24, 1981 in Okanogan County I had sexual contact with [the victim]."

Prior to sentencing, Mr. Farrington moved to withdraw his guilty plea and alleged his attorney had coerced him into pleading guilty. The trial court found there had been no pressure placed on Mr. Farrington to plead guilty and that the plea had been entered freely, voluntarily, and knowingly.

First, Mr. Farrington claims he was denied equal protection because he was charged with indecent liberties[2] rather

---

[1] Mr. Farrington was charged in the Affidavit for Warrant of Arrest with forcing the victim "to have oral sexual contact with his penis." Neither party claims there was "penetration" as that term is used in RCW 9A.44.010.

[2] RCW 9A.44.100 sets forth the following elements of indecent liberties:
"(1) A person is guilty of indecent liberties when he knowingly causes another

than incest.[3] He claims incest is a specific statute which supersedes the general statute of indecent liberties and that the prosecutor, when presented with a choice of proving indecent liberties by showing "sexual contact" or proving incest by showing "sexual intercourse", has the unbridled discretion to charge indecent liberties.[4] Thus, he is able to achieve a greater punishment by proving a less heinous crime. We hold this claim is without merit because incest and indecent liberties are not general and specific crimes as required to be under the equal protection umbrella.

■■ Equal protection is violated when a prosecutor is permitted to seek varying degrees of punishment when proving identical criminal elements. *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982); *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979); *State v. Walls,* 81 Wn.2d 618, 622, 503 P.2d 1068 (1972); *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970); *State v. Ensminger,* 77 Wn.2d 535, 463 P.2d 612 (1970); *State v. Burley,* 23 Wn. App. 881, 598 P.2d 428 (1979).

---

person who is not his spouse to have sexual contact with him or another:

"(a) By forcible compulsion; or

"(b) When the other person is less than fourteen years of age; or

"(c) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

"(2) For purposes of this section, 'sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

"(3) Indecent liberties is a class B felony."

[3]RCW 9A.64.020, in effect at the time of trial, set forth the following elements of incest:

"(1) A person is guilty of incest if he engages in sexual intercourse with a person whom he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood.

"(2) As used in this section, 'descendant' includes stepchildren and adopted children under eighteen years of age.

"(3) Incest is a class C felony."

[4]We note the 1982 Legislature amended RCW 9A.64.020 and created two degrees of incest. Laws of 1982, ch. 129, § 3, p. 560. First degree incest requires "sexual intercourse" and is a class B felony. Second degree incest requires "sexual contact" and is a class C felony.

Where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute. *State v. Cann, supra* at 197. However, when the crimes have different elements, there is no constitutional defect. *State v. Wanrow,* 91 Wn.2d 301, 312, 588 P.2d 1320 (1978); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965); *State v. Darrin,* 32 Wn. App. 394, 647 P.2d 549 (1982). The test is whether a violation of the special statute necessarily violates the general statute. *State v. Darrin, supra* at 397; *State v. Burley,* 23 Wn. App. 881, 598 P.2d 428 (1979).

Equal protection is not violated when the elements of the two offenses differ, even if the punishment set by the Legislature in the two statutes seems somewhat illogical. *State v. Reid, supra; State v. Richards,* 27 Wn. App. 703, 705, 621 P.2d 165 (1980).

For Mr. Farrington's equal protection claim to have merit, incest and indecent liberties must have identical elements and a violation of the incest statute must necessarily violate the indecent liberties statute. The elements of the two crimes are not identical. Incest requires proof of sexual intercourse, while indecent liberties requires proof only of sexual contact.[5] Of the three possible ways of committing indecent liberties, two require proof of lack of consent. Consent is not an issue in an incest charge. *State v. Coffey,* 8 Wn.2d 504, 112 P.2d 989 (1941). Moreover, it is possible to commit the crime of incest without committing the crime

---

[5]"Sexual intercourse" is defined in RCW 9A.44.010, which provides in part:
 As used in this chapter:

 (1) "Sexual intercourse" (a) has its ordinary meaning and occurs upon any penetration, however slight, and

 . . .

 (c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.
Mr. Farrington claims this definition of sexual intercourse should be applied to the incest statute. We do not address this contention because even if the definition in RCW 9A.44.010 was applied to incest, the two challenged crimes still do not meet the requirements of general and specific crimes to constitute an equal protection violation.

of indecent liberties. For example, a defendant could engage in consensual sexual intercourse with his adult sister and violate the incest statute, but not the indecent liberties statute. Thus, we hold incest is not a special statute which supersedes indecent liberties.

The judgment of the Superior Court is affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

MUNSON, C.J., and EDGERTON, J. Pro Tem., concur.

Reconsideration denied November 9, 1983.

Review denied by Supreme Court January 6, 1984.