[No. 13047-9-III.   Division Three.   May 24, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON DONALD MCCANN, *Appellant*.

---

*C. Bradley Chinn* and *C. Bradley Chinn, P.S.,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Martin D. Rollins, Deputy,* for respondent.

MUNSON, J. — Jason D. McCann was found guilty in juvenile court of second degree possession of stolen property, RCW 9A.56.160. He appeals, contending he should have been charged with the more specific crime of taking a motor vehicle without permission, RCW 9A.56.070. He also contends the trial court erred by admitting his statements to police officers without adequate corroboration that he validly waived his constitutional rights. We affirm.

Hilding Anderson, a police officer with the City of Spokane, was on patrol in the early morning hours of September 14, 1992. About 2 a.m. he noticed a car with its backup lights on in the parking lot of an Albertsons store. He saw a person "making some fast moves" cross the street from a used car lot to the parked car. After the person entered the car, the car sped away; in the officer's terms the driver "just flat punched it, and was gone". By the time he caught up with the car it was parked, and two people were getting out. Both began walking toward the police car but bolted while the officer was on the radio. They were subsequently captured, and Mr. McCann was identified as the driver. The car

had been stolen from Evergreen Auto Sales in Spokane on September 12, 1992.

Mr. McCann admitted driving the car, but claimed he did not know the car was stolen until just before he stopped. He said a friend, Kerry Flick, told him he had borrowed the car from a friend. It was not until they were being pursued by the police that Mr. Flick told him to pull over quick because the car was stolen. Mr. McCann explained he ran from the police because he did not want to be involved in stealing a car. He explained that his sudden acceleration was due to the fact the car had a manual transmission and it was necessary to accelerate more quickly to go through the gears.

Mr. McCann was charged with first degree possession of stolen property. After a trial to the bench in juvenile court, he was found guilty of the lesser included offense of second degree possession of stolen property.

Mr. McCann contends he should have been charged under the specific statute of taking a motor vehicle without permission, RCW 9A.56.070, rather than under the more general statute of first degree possession of stolen property, RCW 9A.56.150. He argues the charge of first degree possession of stolen property must, therefore, be dismissed.

■ Criminal statutes are concurrent if a violation of a special statute must also result in the violation of a more general statute. *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984). If statutes are concurrent, only the special statute applies, and a defendant may not be charged under the general statute. *Shriner*, at 580.[1]

"The test is whether a violation of the special statute necessarily violates the general statute." *State v. Farrington*, 35 Wn. App. 799, 802, 669 P.2d 1275 (1983), *review denied*, 100 Wn.2d 1036 (1984).

To convict a defendant of taking a motor vehicle without permission, the State must prove the defendant:

---

[1]The reason for this rule is set forth in *State v. Hupe*, 50 Wn. App. 277, 280, 748 P.2d 263, *review denied*, 110 Wn.2d 1019 (1988):

"Charging a defendant with a general statute when a concurrent special statute is applicable can result in an equal protection violation. The violation occurs because the State, by selecting the crime charged, can obtain varying degrees of punishment while proving identical criminal elements."

1. Intentionally took or drove away,
2. An automobile or motor vehicle of another,
3. Without permission.

RCW 9A.56.070. To convict a defendant of first degree possession of stolen property, the State must prove the defendant:

1. Knowingly possessed stolen property,
2. Exceeding $1,500 in value,
3. Knowing the property was stolen, and
4. Withheld or appropriated the property to the use of someone other than the true owner.

RCW 9A.56.140; RCW 9A.56.150.

■ It is possible to violate the taking a motor vehicle without permission statute without violating the first degree possession of stolen property statute if the motor vehicle is valued at $1,500 or less. Therefore, the statutes are not concurrent, and Mr. McCann was properly charged under RCW 9A.56.150, first degree possession of stolen property. However, the court was not satisfied value in excess of $1,500 was proved and found Mr. McCann guilty of second degree possession of stolen property.

■ Mr. McCann contends the trial court erred by admitting statements he made to police officers without sufficient corroboration that he had validly waived his constitutional rights. Mr. McCann did not object to the admission of the testimony at trial nor move to have the evidence excluded. Failure to move to suppress the evidence constitutes a waiver of the right to have the evidence excluded; a trial court does not err in considering evidence a defendant has not moved to suppress. *State v. Mierz,* 72 Wn. App. 783, 789, 866 P.2d 65 (1994); *State v. Tarica,* 59 Wn. App. 368, 372-73, 798 P.2d 296 (1990).

Affirmed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.

Review denied at 125 Wn. 2d 1005 (1994).