[No. 32107-2-I.    Division One.    October 24, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN
NOVOTNY, *Appellant*.

*Theresa B. Doyle* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Patricia Ann Hauptman, Deputy*, for respondent.

PER CURIAM. — Steven Novotny appeals his convictions for sexual assault of his stepdaughter. The case was referred to a judges' motion calendar for consideration of the State's

concession of error and accelerated review of the remaining issue.

We accept the State's concession that Novotny's conviction in count 3 was barred by the statute of limitations and should be dismissed. We also accept the State's concession that the case should be remanded for resentencing. We reject Novotny's challenge to the sufficiency of the evidence of his conviction under count 9 and we affirm that conviction.

## I

The State charged Steven Novotny by amended information with numerous counts of sexual assault against his stepdaughter, M.S.

M.S., whose mother married Steven Novotny, testified that she was born in December of 1973. Thus, M.S. was 12 to 13 years old in seventh grade and 13 to 14 years old in eighth grade.

M.S. testified that when she was in the seventh grade, Steven Novotny began molesting and raping her. When M.S. was in the seventh and eighth grades, the sexual assaults occurred both after school and at night after she went to bed. Once she entered high school, Novotny raped her only at night when she was in her bed. M.S. was unable to pinpoint the dates of the assaults; she testified there were hundreds of incidents because Novotny assaulted her anywhere from 2 to 3 times a week.

Count 9 charged Novotny with a single incident of rape that occurred in the garage that had been converted into a family room. M.S. testified that Novotny digitally penetrated her while she watched television. She testified the rape occurred during the daytime, after school. She specifically remembered daylight coming through the window. Other than that, however, she was unable to pinpoint the date.

The jury found Novotny guilty of third degree rape of a child in count 3. On count 9, the jury found Novotny guilty of the lesser degree of third degree statutory rape. Because the jury was unable to reach a verdict on the remaining counts, the court declared a mistrial on those counts.

Novotny subsequently pleaded guilty to counts 1, 2, and 4 in exchange for dismissal of the remaining counts.

At sentencing, the court determined that the standard range for all counts was 36 to 48 months based upon an offender score of 4. The court imposed concurrent exceptional sentences of 60 months on counts 3 and 9 and 70 months on counts 1, 2, and 4.

## II

For the first time on appeal, Novotny argues that the crime charged in count 3 was barred by the statute of limitations and should be dismissed.[1] The State concedes error. Finding the concession is well taken, we accept it.

By information dated March 20, 1992, the State charged Novotny in count 3 with second degree rape of a child, as follows:

> That the defendant STEVEN NOVOTNY in King County, Washington during a period of time intervening between July 1, 1989 through June 30, 1990, being at least 36 months older than [M.S.,] had sexual intercourse with [M.S.], who was 14 years old and was not married to [M.S.] . . .
>
> Contrary to RCW 9A.44.076 . . ..

On July 24, 1992, the State filed an amended information. Although count 3 still designated the crime as *second* degree rape of a child, the amended charge cited the *third* degree child rape statute. The amended charge also changed the charging period. The amended charge reads:

> That the defendant STEVEN NOVOTNY in King County, Washington during a period of time intervening between July 1, 1988 through June 30, 1989, being at least 48 months older than [M.S.], had sexual intercourse with [M.S.], who was 14 and 15 years old and was not married to [M.S.] . . .
>
> Contrary to RCW 9A.44.079 . . .[.]

Novotny correctly argues that despite denomination of the charge as second degree child rape, count 3 actually charged

---

[1]Because the criminal statute of limitations is jurisdictional and creates an absolute bar to prosecution, *State v. Glover*, 25 Wn. App. 58, 61-62, 604 P.2d 1015 (1979), Novotny correctly argues that he may raise the challenge for the first time on appeal. *See State v. Hodgson*, 44 Wn. App. 592, 600 n.5, 722 P.2d 1336 (1986), *aff'd in part, reversed in part*, 108 Wn.2d 662, 740 P.2d 848 (1987), *cert. denied sub nom. Fied v. Washington*, 485 U.S. 938 (1988).

him with third degree child rape. The key difference between second and third degree rape of a child is the age of the victim. Rape of a 12- or 13-year-old is second degree; rape of 14- or 15-year-old is third degree.[2] Here, the amended information cited the third degree child rape statute. Also, both the original and amended informations charged that the victim was 14 years old at the time of the offense. Finally, the court's to-convict instruction stated that the crime charged was third degree child rape, and it set forth the elements of that crime.

Third degree child rape is not one of the crimes included in RCW 9A.04.080(1)(c), which extends the limitations period to 7 years beyond the commission of the crime or until the victim is 21 years old, whichever is longer. Instead, the 3-year limitation period set forth in the residuary clause, RCW 9A.04.080(1)(g), applies.[3]

■ Count 3 of the amended information relates back to March 20, 1992, the date on which the original information was filed. *State v. Eppens*, 30 Wn. App. 119, 123, 633 P.2d 92 (1981). Thus, only those acts constituting third degree child rape that occurred within 3 years of the charging date could be prosecuted, and any act that occurred *before* March 20, 1989, was time barred.

■ Count 3, however, charged that the crime occurred between July 1, 1988, and June 30, 1989. The evidence at trial provides no basis for determining that the crime occurred within the limitations period. In addition, because the jury rendered a general verdict, it is impossible to determine whether the jury relied on an act that occurred beyond the limitations period. In these circumstances, the State properly concedes that count 3 should be dismissed for lack of jurisdiction.

---

[2]*See* RCW 9A.44.076, .079.

[3]RCW 9A.04.080(1)(g) provides: "No other felony may be prosecuted more than three years after its commission."

We reverse and dismiss Novotny's conviction in count 3 for third degree rape of a child. Pursuant to RCW 2.06.040, the remainder of this opinion will not be published.