**The STATE of Ohio**

v.

**CANN.**

Court of Common Pleas of Ohio,
Clermont County.

No. 02–CR–00455.

Decided Dec. 17, 2002.

Daniel J. Breyer, Clermont County Assistant Prosecuting Attorney, for plaintiff.

Ravert J. Clark, for defendant.

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court on November 27, 2002, pursuant to defendant's motion to dismiss filed on November 20, 2002. Upon consideration of the oral argument, as well as the memorandum, the court hereby renders the following decision.

{¶ 2} On July 24, 2002, Robert Cann Jr. was charged in a one-count indictment alleging a violation of R.C. 2907.03, sexual battery, occurring on or about March 1996. At the time of the alleged offense, the statute of limitations required commencement of the instant prosecution within six years of the date of the offense. Under this time frame, the statute of limitations would have expired on July 22, 2002, exactly six years after the victim turned eighteen, and two days before the indictment was brought. However, on March 9, 1999, Section 3 of R.C. 2901.13 was amended to state that "a prosecution of any of the following offenses shall be barred unless it is commenced within 20 years after the offense is committed: * * * 2907.03" (sexual battery). House Bill 49 further states:

> "Section 2901.13 of the Revised Code as amended by this act, applies to an offense committed on and after the effective date of this act and applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."

{¶ 3} Therefore, as long as the prosecution was not barred by the six-year statute of limitations period of R.C. 2901.13 to bring an indictment against Cann before March 9, 1999, the 20–year statute of limitations period will be applied retroactively and is controlling. As the facts indicate, the prosecution could have indicted Cann before March 9, 1999. Since the alleged offense occurred in 1996, the prosecution was only three years into the limitation period when the amendment was ratified.

{¶ 4} Defendant argues that the retroactive application of the amended statute violates the constitutional ban on retroactive legislation found in Section 28, Article II of the Ohio Constitution, which holds that the General Assembly shall have no power to pass retroactive legislation. Defendant correctly points out that Section 28, Article II applies only to substantive law and does not apply to remedial or procedural law. *State v. Heaton* (1995), 108 Ohio App.3d 38, 669 N.E.2d 885; *Baird v. Loeffler* (1982), 69 Ohio St.2d 533, 23 O.O.3d 458, 433 N.E.2d 194; *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 61 O.O.2d 295, 290 N.E.2d 181. Therefore, the question defendant puts before the court is whether the statute of limitations is a procedural or substantive right.

{¶ 5} To the court's knowledge, no Ohio court has directly decided this issue. Where the issue has presented itself has generally been in the civil context or in criminal cases involving ex post facto legislation in a postconviction arena. Recognizing the constitutional implications involved in this issue, it is imperative that the court afford Cann a decision that fairly represents the protection he seeks, and given the lack of guidance from Ohio courts on the matter, the court feels that such protection would be best served by deferring to those jurisdictions that have directly dealt with the issue.

{¶ 6} A majority of jurisdictions have allowed extensions of statutory periods of limitations in criminal cases to be applied retroactively on the theory that "no right of the defendant's has been abridged by the extension until his right to be free from prosecution vests—in other words, until the prior period of limitation expires." *Overton v. State* (Tenn.1994), 874 S.W.2d 6, 11; *State v. Hodgson* (1986), 44 Wash.App. 592, 722 P.2d 1336; *State v. Nunn* (1989), 244 Kan. 207, 768 P.2d 268; *Commonwealth v. Bargeron* (1988), 402 Mass. 589, 524 N.E.2d 829; *People v. Chesebro* (1990), 185 Mich.App. 412, 463 N.W.2d 134. See, also, *United States ex rel. Massarella v. Elrod* (C.A.7, 1982), 682 F.2d 688, 689; *Falter v. United States* (C.A.2, 1928), 23 F.2d 420.

{¶ 7} Since Cann was only three years into the six-year statute of limitations period at the time the statute was amended to 20 years, under the case law cited above, his right to be free from prosecution had not vested. Therefore, defendant did not have a vested substantive right to be free from prosecution. The rationale of the rule is best explained by Judge Hand in *Falter v. United States*, supra, wherein he states:

"Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is one, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it." Id. at 425–426.

{¶ 8} With this in mind, the court is hard-pressed to conclude that after three years Cann had a substantive right to be free from prosecution, and that by retroactively applying a statute that took effect during that time period, that right would be abrogated.

{¶ 9} Therefore, defendant's motion to dismiss is hereby denied. The matter is set for trial forthwith. State to prepare entry accordingly.

Motion to dismiss denied.